## DONOHOE v. STATE.

### Opinion delivered July 7, 1894.

1. *False pretenses—Promise mingled with pretense.*

   To sustain a conviction of obtaining goods under a false pretense, the pretense need not have been the sole inducement to the injured party to part with the goods, but there may have been the additional inducement of a promise to pay for them.

2. *False pretenses—Recovery of goods no defense.*

   The fact that the person from whom goods were obtained under a false pretense subsequently recovered them will not relieve the guilty person of the consequences of his crime, for that was complete when he obtained possession of the goods by means of the false pretense alleged.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Jas. P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1.  The second instruction was properly refused.

2.  The modifications of the first and second of defendant's instructions complained of were made in conformity with the provision of the statute defining false pretenses. The statute provides that "every person who,

with *intent to defraud or cheat another* shall," etc., and the court simply substituted the "intent" as mentioned in the statute, for that set forth in the instruction, which was certainly not plainer, and was probably erroneous. Mansf. Dig. sec. 1645.

3. The oral instruction of the court was a fair and correct statement of the law governing the case.

RIDDICK, J. The appellant, Eugene Donohoe, was indicted and tried in the Garland circuit court for the crime of obtaining property by false pretenses. It was alleged that he procured a quantity of lumber and building material from J. R. Loyd and J. M. Smith, partners under the firm name of J. R. Loyd & Co., by falsely pretending that he had purchased five acres of land from J. A. Smith at one hundred and twenty-five dollars an acre, upon which land he wished to erect a house, and that he had paid one-half of said purchase money. It was further alleged that these statements concerning the purchase of the land and the payment of half of the purchase money were false.

On the trial the evidence was conflicting. The prosecuting witness, Loyd, testified that defendant made the statement to him that he had purchased five acres of land from J. A. Smith, and had paid half of the purchase price, and wished to purchase lumber to build a house on said land; that on this statement he sold and delivered him a quantity of lumber. That, but for this representation concerning the purchase of the land, and the payment of half of the purchase price thereof, he would not have sold him lumber. He also stated that, in addition to this representation, defendant agreed to pay for the lumber in monthly payments of fifteen dollars, and that this was another reason why he let him have lumber. It was shown that defendant had not purchased land, but only obtained permission of owner

to build a cabin on it, with the understanding that the owner would sell it to him when the title was cleared up.

Defendant, testifying in his own behalf, denied that he had stated to Loyd & Co. that he had purchased five acres of land, and paid half of the purchase price. That he had only stated that he was going to build on land of J. A. Smith, with whom he had made an arrangement for that purpose. That the only inducement he offered to obtain lumber was a promise that he would pay for it in monthly instalments of fifteen dollars per month. That he was unable to pay promptly when the first instalment became due, and that Loyd & Co. took lumber away from him. That he had no intention to cheat and defraud them. There was other evidence, both on the part of the State and defendant.

The appellant has filed no brief in this case, but we have read the transcript, and conclude that no error was committed by the trial court. As, under our statute, the party who sells lumber to another to build a house has a lien on the house, and the land belonging to the purchaser upon which the same is situated, for the payment of the price of the lumber, it is therefore important for the seller to ascertain whether the purchaser is the owner of the land upon which the house is to be constructed. An intentionally false statement by the purchaser to the seller in this regard, by which the seller is deceived and induced to part with his property, is a false pretense, within the meaning of our statute defining that crime. The questions whether appellant obtained the lumber by the alleged representation, whether it was false and made with an intention to cheat and defraud the said J. R. Loyd & Co., were all submitted to the jury under instructions which correctly presented the law of the case, and, as there was evidence to support the verdict, we must treat the finding of the jury as conclusive on the facts. Although

1. False pretense mingled with promise.

Loyd & Co. were induced to part with the lumber, not only by the statement of defendant that he had purchased and partly paid for five acres of land, but also by the promise of the defendant that he would pay them fifteen dollars per month until the purchase price of the lumber was paid, yet that did not take the case out of the statute, for, as is said by Mr. Bishop, in the eighth edition of his work on Criminal Law, vol. 2, sec. 424, speaking of cases of this kind, "it would be difficult to find in actual life any case wherein a man parted with his property on a mere representation of fact, whether true or false, without an accompanying promise." The court charged the jury that the evidence must show that Loyd & Co. "were chiefly induced to part with their property by such representation, and that but for such representation they would not have done so." The statement of the law on this point was as favorable to the defendant as the court could correctly make it.

2. No defense that goods were recovered.

The fact that Loyd & Co. regained possession of the lumber did not relieve defendant of the consequences of the crime, for that was complete when he obtained possession of the goods by means of the false pretense alleged.

It is also stated in the motion for new trial that outside matters not in evidence were brought before the jury, after they retired to consider of their verdict, by members of the jury, and that the jury were thus prejudiced against defendant, and, further, that the verdict was not the verdict of the whole jury. But there is nothing in the transcript that tends to sustain either of these grounds for a new trial, and we treat them as abandoned. The sufficiency of the indictment was questioned by a motion in arrest of judgment, but we have discovered no substantial defect in it, and none has been pointed out.

The judgment of conviction is affirmed.