## THE PEOPLE v. CHARLES OSCAR, JR.

*Criminal law—False pretenses—Information—Defenses.*

1. A complaint in a false pretense case alleged, in substance, that respondent represented that there was a house of the value of $1,200 upon certain lots which the respondent mortgaged to secure a loan of money, whereas there was in fact no house on the lots. And it is held that the complaint set forth an offense of which the statement alleged to have been made by respondent respecting value, which might be regarded as a mere opinion, was not an essential element.

2. On the cross-examination, additional matter, namely, "that the said lots were of the value of $1,200, and that there was then and there and at that time a new house of the value of $1,200 on said lots, and that said house was new, and that it cost more than $1,200 to build the same," was brought out. And it is held that such new matter was a part of the same transaction, and properly set forth in the information; citing *People v. Annis,* 13 Mich. 510.

3. It is immaterial in such a case whether or not the respondent had any other property than that concerning which the representations were made, nor will he be permitted to excuse himself by saying that, if the party defrauded had chosen, he could have sued the respondent and recovered his money.

Exceptions before judgment from Ionia.   (Davis, J.) Argued May 8, 1895.   Decided July 2, 1895.

Respondent was convicted of obtaining money by means of false pretenses. Conviction affirmed. The facts are stated in the opinion.

*Burbank & Peake* (*A. A. Ellis* and *Charles P. Locke,* of counsel), for respondent.

*Fred A. Maynard,* Attorney General, and *R. A. Hawley,* Prosecuting Attorney, for the people.

McGrath, C. J. Respondent was convicted of obtaining money upon false pretenses. The complaint set forth that respondent, with intent to cheat and defraud one Seig, and fraudulently obtain from him $350, applied to Seig for a loan of said amount, and did represent that he was the owner of a one-half interest in two lots of land, and to induce Seig to loan him the said $350, and to take a mortgage as security on said lots, and with intent to cheat and defraud said Seig, he represented that "the said lots were of the value of $1,200, and that there was then and there and at that time a house of the value of $1,200 on said lots, * * * whereas, in truth and in fact, at the time the said Charles Oscar, Jr., made the said false and fraudulent representations aforesaid, said lots were not worth the sum of $1,200, and were not worth to exceed $100. There was not then and there any house whatever on said lots." The warrant and return of the justice set forth the offense in the same language. An examination was had, and the respondent bound over. The justice made return that—

"It appearing to me upon the examination of said Charles Oscar, Jr., that the offense so charged in the complaint and warrant, as aforesaid, has been committed, and that said offense is not cognizable by a justice of the peace, and that there is probable cause to believe the said Charles Oscar, Jr., to be guilty of the commission thereof, I," etc.

The information charged, in addition to what is set forth in the complaint, warrant, and return, that respondent represented—

"That the said lots were of the value of $1,200, and that there was then and there and at that time a *new* house of the value of $1,200 on said lots, *and that said house was new, and that it cost more than $1,200 to build the same.*"

Upon the arraignment of the respondent, his attorneys moved to quash the information, for the reason—

1. That respondent had never had any preliminary examination of and concerning said charges in the said information, and had never waived the same.

2. Because the original complaint charged no offense known to the law.

The motion was overruled.

The court was right in denying the motion. The complaint alleged, in substance, that respondent represented that there was a house of the value of $1,200 upon the lots, whereas there was in fact no house thereon. The complaint did set forth an offense of which the statements alleged to have been made by respondent respecting values, which might be regarded as mere opinions, were not essential elements. The additional matters set up in the information, as brought out upon the examination, related to that offense, and was a part of the same transaction. *People v. Annis*, 13 Mich. 510. The testimony clearly tended to show that there was no house, in the sense that the word is generally used, upon the premises; that the dwelling upon the lots had been destroyed by fire some time before; that the premises were situate in a distant county, and that there was upon the lots an old building, the estimated cost of the construction of which was $30. The court instructed the jury that the representations as to value were not material allegations for the purpose of obtaining a conviction upon, and that "as to whether he made a statement of its value [referring to the value of the lots], and as to what its true value may be, is only a circumstance to be considered by you in determining the intent with which he made the other statement,—as to there being a new house upon the land, and what it cost to build it."

Complaint is made that the court instructed the jury:

"Something has been said, gentlemen, about this man having other property, and about Seig not commencing any private action to recover his money. It matters not whether respondent had any other property or not, in this case. If he made the false pretenses as claimed by the

people, in the manner claimed by the people, he is guilty, if they have established it beyond a reasonable doubt. The crime charged was the false pretenses in regard to this particular property, not in regard to something else. Mr. Seig was entitled as a man and a citizen, in the reception of that mortgage, to the truth in regard to the security that was being offered. A man cannot come in at a later day, if he is guilty, and excuse his guilt or wipe it away by saying, 'I had other property; if you had chosen you could have sued me and recovered.' Mr. Seig was not obliged to do that. I speak of that, gentlemen, in connection with the fact that something has been said by counsel in regard to it."

This instruction states the correct rule. Seig declined to part with his money unless its payment was secured. The offer of security, which was represented to be ample, was the means employed to induce him to part with his money. As is said in *Com. v. Coe*, 115 Mass. 481, 502:

"The offense consists in obtaining property from another by false pretenses. The intent to defraud is the intent, by the use of such false means, to induce another to part with his possession and confide it to defendant, when he would not otherwise have done so. Neither the promise to repay nor the intention to do so will deprive the false and fraudulent act in obtaining it of its criminality. The offense is complete when the property or money has been obtained by such means, and would not be purged by subsequent restoration or repayment. Evidence of ability to make the repayment is therefore immaterial and inadmissible. The possession of the means of payment is entirely consistent with the fraud charged. The evidence offered on this point did not touch the question of falsity and fraud of the means by which the loan was obtained, and was properly rejected."

The conviction is affirmed.

The other Justices concurred.