STATE OF IOWA, Appellant, v. H. O. JACKSON, Appellee.

128  543
141  301
f141  302

**False pretenses:** INDICTMENT. An indictment for obtaining property by false pretenses must allege the ownership of the property.

**Same.** An indictment for obtaining property by false pretenses, which is indefinite in its description of the property and the statement of its value, will not support a conviction.

**Appeal:** HARMLESS ERROR. Where the allegations of an indictment are insufficient to support a conviction, so that a motion in arrest of judgment would lie, the State can derive no advantage from erroneous rulings made upon the trial.

**Instruction:** MOTIVE OF PROSECUTOR. The motive of a prosecuting witness may be shown for the purpose of affecting, the credibility of his testimony, but an instruction authorizing the jury to determine the guilt or innocence of the defendant therefrom is erroneous.

**Instruction:** KNOWLEDGE OF FALSE PRETENSES. Where a prosecutor knew of the falsity of the representations by which he claims the property was obtained, there can be no conviction for obtaining property by false pretenses.

**Same.** Where the court charged that if the prosecutor knew that defendant's representations were false then defendant should be acquitted, the converse instruction under the evidence should also have been given, that defendant would not be entitled to an acquittal on that issue if he made the statements, knowing them to be false, for the purpose of obtaining the property ,and the prosecutor believing and relying thereon delivered the same, even though he had previously understood that the statements made were not true.

**Instruction:** PLACE OF DELIVERY. On a prosecution for obtaining property by false pretense an instruction that unless the property was delivered in this state there should be an acquittal was abstractly correct.

**Instruction:** CHARACTER OF PRETENSES. An instruction that if the alleged false pretenses were frivolous and not such as would deceive an ordinarily prudent man, the defendant should be acquitted, was abstractly incorrect.

**Best evidence.** On a prosecution for false pretenses, evidence of defendant's statements, alleged to be false, as to what property was covered by certain mortgages, was competent and not subject to the objection that it was not the best evidence.

**Evidence:** VALUE. Where a witness on direct examination fixed a value on property, he should be permitted on cross examination to state what he paid for the same shortly before.

**Appeal:** DISPOSITION OF CRIMINAL CASE. On the State's appeal in a criminal case, the court will simply announce the rules of law for the future guidance of trial courts.

*Appeal from Jasper District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 18, 1905.

THE State appeals from a verdict of not guilty and a judgment dismissing an indictment against the defendant for the crime of obtaining property by false pretenses.— *Affirmed.*

*Charles W. Mullan,* Attorney General, *Lawrence De-Graff,* Assistant Attorney General, *P. M. Cragar* County Attorney, and *W. A. Spurrier,* for the State.

*Smyth & Smith, amici curiæ.*

DEEMER, J.— The indictment charged defendant with having obtained from one Harrah, by certain false and fraudulent representations, " about 180 head of cattle on credit,"

1. FALSE PRE-
TENSES: in-
dictment.

which were reasonably worth " about $15,000," and for which he agreed to pay " about $15,000." Although no attack was made upon this indictment in the court below, it is manifestly defective. It nowhere charges or alleges the ownership of the cattle, which is required in this State, as well as in many other jurisdictions. See cases cited in 8 Ency. Plead. & Prac., pages 877, 878.

Moreover, the description of the cattle taken as " about 180 head," of the value of " about $15,000 " is not in our opinion sufficiently certain. " Cattle " is a generic term, and

2. SAME.

may embrace a number of animals and different kinds of stock; and the qualifying word " about " leaves it distinctly uncertain as to the number of animals and the kind received by the defendant. The value and price of the animals is also uncertain. *Redmond v. State,* 35 Ohio St. 81. Again, the negation of the truth of the alleged representations was not in accord with established principles of criminal pleading. McClain's Crim. Law, section 702.

Had defendant been convicted, he could have raised these objections by motion in arrest of judgment, and the trial court

would have been compelled to discharge him'; so that in any event no prejudice resulted to the State from any erroneous rulings which may have been made by the trial court during the course of the trial. We might very well refuse to consider the case further; but, as the Attorney General has prosecuted the appeal in order that certain propositions of law may be considered and settled, we shall review such rulings as seem to be of importance.

3. APPEAL: harmless error.

II. There was a question regarding the good faith of the prosecutor in instituting and pressing these proceedings, and the trial court instructed as follows:

You are further instructed that it is improper to use the criminal laws of the State for the purpose of serving private ends; and in this connection you are advised that, in determining the guilt or innocence of the defendant, you are at liberty to consider whether the prosecution is conducted for the purpose of vindicating the criminal laws of the State, or for the collection of a debt claimed to be due from the defendant to the prosecuting witness, Albert Harrah.

The State vigorously contends that this instruction was and is erroneous; and with this contention we are constrained to agree. The offense, if there was one, was against the State, and not against any particular individual; and the guilt or innocence of one accused of crime is not to be determined from the motives or purposes of any of the witnesses for the State. *Donohoe v. State,* 59 Ark. 375 (27 S. W. Rep. 226); *People v. Wieger,* 100 Cal. 352 (34 Pac. Rep. 826); *People v. Henssler,* 48 Mich. 49 (11 N. W. Rep. 804); McClain's Crim. Law, section 659 *et seq.*

4. INSTRUCTION: motive of prosecutor.

Of course, the motive of the prosecuting witness, or of any other witness for that matter, may be shown for the purpose of testing his credibility, etc.; but the guilt or innocence of one accused of crime does not depend primarily upon

the motive of the prosecutor. It frequently happens that the prosecutor is not acting from the purest of motives. He may be smarting from the wrong done him, and have little thought of vindicating the majesty of the law. But this is not reason in itself for saying that the accused is innocent of the charge made against him. So that, even though the prosecutor in this case may have instituted the proceedings for the purpose of collecting a debt, the defendant may nevertheless have been guilty of the offense charged against him; and he should not be allowed to shield himself behind any unworthy motives entertained by the prosecuting witness. It goes without saying that everything tending to show the interest, motive, and purpose of the prosecutor may be shown for the purpose of affecting his credibility as a witness and testing the truth of his testimony; but the ultimate question of guilt or innocence should not be made to depend upon whether or not the prosecution was instituted for the purpose of collecting a debt. Except as stated, the motive of the prosecutor is immaterial. *McQuade v. Collins*, 93 Iowa, 22; *State v. Donovan*, 61 Iowa, 278. In the case last cited it is said: "If defendant committed the crime of which he was charged, it was the duty of the jury to convict him, without regard to the motives which led to his prosecution."

The trial court was undoubtedly led into giving the instruction complained of because of some language found in *State v. Rivers*, 58 Iowa, 102, and it must be confessed that there is warrant for such a charge in that opinion. However, what was said in that case had reference primarily to the admissibility of certain testimony tending to show the motives of the prosecutor. As said in that opinion, such cases as this " should be sifted to the bottom," and nothing which tends to show that the prosecutor was using the criminal law to enforce the collection of a debt should be kept from the consideration of the jury. But this is quite a different proposition from the broad statement that the motive of the prosecutor is alone sufficient to justify an acquittal, or that it has a direct bearing

upon the guilt or innocence of the accused. In so far as the case is an authority for the proposition that such fact should be considered as bearing directly upon the guilt or innocence of the accused — that is to say, that it alone may be considered sufficient to justify an acquittal — it is overruled. What we now hold is that such matters are admissible in evidence, and proper to be considered in weighing the testimony of the prosecuting witness, and in determining as to whether or not he was in fact deceived as claimed, or is simply smarting from the effects of an improvident sale. The distinction between such a rule and the one given by the trial court in the instruction complained of is manifest. The instruction should not have been given.

III. In another instruction the trial court said " If you entertain any reasonable doubt as to whether or not Mr. Harrah knew of Mr. Jackson's indebtedness before he delivered the possession of the cattle to Mr. Jackson, then you must acquit the defendant." Assuming that the representations said to have been made by the defendant related to the amount of his indebtedness, as we must for the purposes of our present inquiry, this instruction was undoubtedly correct; for, if the prosecutor knew of the falsity of the alleged statements before he parted with the possession of his property, it is manifest that he was not defrauded thereby. We shall not undertake to review the evidence to see whether or not the instruction was justified, as such appeals as this are not for that purpose, but to settle questions of law.

5. INSTRUCTION: knowledge of false pretenses.

Other instructions are complained of, because they have no support in the evidence; and because they applied the doctrine of reasonable doubt to specific detailed facts. These we shall not consider, for reasons already suggested, and for the further reason that the detailed facts referred to were ultimate and essential facts necessary to be established to warrant a conviction.

IV. There was a question in the case as to where the

cattle were delivered; that is to say, whether in this State or in Nebraska, and the trial court instructed " that, unless the jury find beyond a reasonable doubt that defendant obtained complete control and absolute possession of the cattle in question in Jasper county, Iowa, they must acquit him." Other instructions of like import were given. Abstractly considered, these instructions were correct. *State v. Anderson,* 47 Iowa, 142.

7. INSTRUCTION: place of delivery.

In another instruction the court said: " If you find that such alleged false representations were frivolous, and would not be calculated to deceive an ordinarily prudent man under like circumstances, then it would not be such a pretense as the criminal law would notice, and in that event, if you so find, you should acquit the defendant." This announced an incorrect proposition of law. It may be that it was without prejudice to the State, for the reason that Harrah was a man of ordinary prudence, and that it was the equivalent of saying that Harrah must have been in fact deceived, and that, being a man of ordinary prudence and care, the representations did not deceive him if they were frivolous. But the instruction as an abstract proposition of law is wrong, and cannot be sustained. *State v. Fooks,* 65 Iowa, 196; *State v. Montgomery,* 56 Iowa, 195.

8. INSTRUCTION: character of pretenses.

An instruction asked by the State and reading as follows should have been given:

If you find that the said Albert Harrah had heard that defendant was largely in debt before the defendant obtained the cattle from the said Harrah, and that thereafter, and for the purpose of obtaining said cattle fraudulently, the defendant told the said Albert Harrah that he was not in debt, and that the said Albert Harrah believed the statement of said defendant at said time that the defendant was not in debt, and that said Albert Harrah believed said statements of said defendant at the time, and relied upon the same, and so relying upon them was induced to part with said cattle to the defendant, and that the said statement of said defendant

6. KNOWLEDGE OF FALSE PRETENSES.

that he was out of debt was false, and known to him to be false at the time made, and was made by defendant with the intent and design to defraud the said Albert Harrah, then you are told that the fact that Albert Harrah had heard, prior to the time said statement was made by defendant that he was out of debt (if defendant made said statement), that said defendant was in debt, would not preclude a conviction in this case.

This was the converse of the one given by the court to which we have already made reference, and in fairness to the State it should have been given. There seems to have been evidence to support it.

V. The State offered to prove statements made by the defendant as to what property was included in certain mortgages made by him. The court sustained an objection to this testimony on the ground that it was not the best evidence. Manifestly this ruling was wrong. The matter inquired about was defendant's statements, and not the contents of the mortgages. Moreover, parol evidence is admissible to identify personal property covered or intended to be covered by a mortgage.

9. BEST
EVIDENCE.

There was also error in permitting defendant to prove that by reason of the advance in the price of corn he did not make as much on the cattle purchased by him of Harrah as he had expected to, and that after receiving the cattle some of them died.

On examination in chief defendant placed a value on some of his property; and on cross-examination he was asked as to what he had paid for it but a short time before. The trial court would not permit him to answer. This ruling was erroneous. The price at which property sold but a short time before the time in controversy was some evidence as to its value, and was a proper matter to be brought out on cross-examination.

10. EVIDENCE:
value.

Other matters need not be considered, as they have each been passed upon many times by this court. As already

indicated, there were some erroneous rulings made by the trial court, which would cause a reversal if this were a civil case; but, as it is a criminal one, we can do no more than announce the law, for the future guidance of trial courts.

11. APPEAL: disposition of criminal case.

The judgment must in any event stand *affirmed.*