Francis v. State.

---

## JOHN ROBERT FRANCIS v. STATE OF NEBRASKA.

### FILED DECEMBER 15, 1919.   No. 21004.

1. **Indictment and Information:** VARIANCE. An immaterial variance between the complaint on which defendant was given a preliminary hearing and the information filed is not sufficient basis for a motion to quash the information.

2. **Homicide:** MURDER IN FIRST DEGREE. Where a party, discovered in the act of burglarizing a building, attempts to escape, and, in furtherance of such attempt, shoots and kills another, such killing may constitute murder in the first degree under section 8581, Rev. St. 1913, although the killing may not occur at the site of the burglary.

3. **Criminal Law:** INSTRUCTIONS. Instruction No. 12, when read in connection with the other instructions given, *held* free from error.

4. ———: ———. A judgment of conviction will not be set aside merely for the giving of an instruction which, because of apparent errors in phraseology, is rendered meaningless, when the other instructions given constitute a clear and correct exposition of the law applicable to the case, and no prejudice to defendant appears.

5. **Homicide:** PREMEDITATION. No special period of time for premeditation and deliberation is required in order to constitute the unlawful taking of human life murder in the first degree.

6. ———: EVIDENCE: SUFFICIENCY. Evidence outlined in the opinion *held* sufficient to sustain the verdict.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson,* for plaintiff in error.

*Clarence A. Davis,* Attorney General, *George W. Ayres, J. B. Barnes* and *Ralph P. Wilson, contra.*

MORRISSEY, C. J.

From a verdict of guilty of murder in the first degree and a sentence to imprisonment in the penitentiary for life, for the killing of Harold C. Crownover, defendant prosecutes error to this court.

The information is in three counts. The first makes the ordinary charge of murder. The second alleges that the murder was committed while defendant was engaged in the perpetration of, or attempt to perpetrate, the burglary of a storehouse owned by one Ankeny, and the third is like unto the second, except that the storehouse alleged to have been burglarized was owned by one Hoile.

In the night season, June 14, 1918, burglars were discovered in one of the store buildings mentioned in the information, in the city of Laurel. The city marshal and other citizens were notified and steps were taken to apprehend the burglars. The latter escaped from the building, made their way to an automobile which they had left in the city park, and drove rapidly out of the city, pursued by the city marshal and four citizens who had undertaken to assist in effecting a capture of the burglars. After the burglars had driven something less than a mile, closely followed by the car in which the marshal and his party were riding, they turned slightly to one side of the road and stopped. The pursuers drove up and stopped their car within a few feet of the car occupied by the burglars. The marshal gave an order to halt, whereupon the burglars opened fire on him and his party. Harold C. Crownover was shot through the head and died almost instantly. Dr. Sackett, the driver of the car, was mortally wounded, and another member of the party was shot through the arm. The burglars made their escape, for the time being, but were subsequently apprehended, both being found wounded. The evidence is amply sufficient to show that defendant was one of the party engaged in the battle with the marshal.

Defendant filed a motion to quash, alleging that the information varied materially from the original complaint on which preliminary hearing was had. The motion was overruled, and this ruling is assigned as error. The only change or addition alleged to be made in the information consists of the following words: "Him, the said Harold C. Crownover." Defendant does not undertake to show wherein the addition of these words worked to his prejudice, or changed in any way the substance of the crime charged. If omitted the information would still be sufficiently explicit to charge the crime. The addition is wholly immaterial, and the ruling of the court was not prejudicial.

Instruction No. 11, given by the court on its own motion, is based on the theory that the shooting occurred while defendant was engaged in the perpetration of, or attempt to perpetrate, a burglary. It is argued that this is unsupported by the evidence, because, it is said, even if it were admitted that defendant was one of the parties who had burglarized the store buildings, the burglary was completed before the shooting occurred, and defendant "had got nearly a mile away from the scene of the burglaries." Defendant cites *Hayward v. State*, 97 Neb. 9, and insists that the crime of burglary is complete whenever there is a wilful, malicious, and forcible entry of a storehouse, with intent to steal property of any value, or to commit a felony. This may be true; such acts alone may be sufficient to constitute a burglary; but it does not follow that, if the breaking and entering are complete and the burglar then attempts to make an escape from the scene of the crime, while pursued by officers of the law, and, in the furtherance of his efforts to escape, shoots and kills another, such killing is not included in the burglary under the provision of section 8581, Rev. St. 1913.

Instruction No. 12 is subdivided and criticized as not a proper statement of the law applicable to the second and third counts of the information. It is argued that this

instruction permits a conviction of murder in the first degree as a principal upon an assumed state of facts which would make him guilty as an accessory only. When the, charge is read as a whole, the instruction is not subject to this construction, and the facts in evidence warrant a finding that he was in fact a principal to the burglary. Further complaint is made of this instruction because it does not tell the jury that, in order to constitute murder in the first degree, the killing must have occurred while the slayer was engaged in the perpetration, or attempt to perpetrate, a burglary. When the entire charge is read, these matters are, however, sufficiently covered.

Error is predicated on the giving of instruction No. 25½, which reads as follows: "If the evidence fails to establish beyond a reasonable doubt that the defendant Francis did not participate in the burglary, and did not consort with said burglars in said offense, and if you further believe that the defendant did not participate in the shooting, then you should find the defendant not guilty." It is apparent that the use of the word "not" before the word "participate," and its use again before the word "consort," are typographical errors. The instruction tells the jury that certain facts must be proved by the evidence beyond a reasonable doubt, and that, if not so proved, defendant must be found not guilty. It is clear that words are included in the instruction which were not intended to be there, or that words intended to be there are omitted. It does not point out any condition which would warrant a verdict of guilty. Other paragraphs of the instructions clearly and explicitly state the law applicable to the charge and the evidence. This instruction, even if properly phrased, would be only a repetition of the substance of other paragraphs properly given. In the form in which it is found in the transcript it is meaningless and could not have been to the disadvantage of defendant.

In the final assignment it is claimed that the evidence is insufficient to sustain the charge of murder in the first degree, as charged in the first count of the information; it being argued that the evidence fails to show malice, premeditation, and deliberation. We have already stated the facts surrounding the shooting. It is conclusively shown that, when defendant and his companion were overtaken by the officer and his posse, they had their guns drawn and were ready to shoot upon the arrival of the marshal and his aids. Upon being accosted by the officer, if not even before he spoke, they opened fire, discharging ten or twelve shots with deadly effect. We have held that parties using deadly weapons intend the natural and probable consequences of their use. *Kirk v. State,* 103 Neb. 484. No special period of time for premeditation and deliberation is required in order to constitute the unlawful taking of human life murder in the first degree. The record clearly shows that these men determined to effect an escape. Their employment of deadly weapons must have been in furtherance of that purpose. It cannot be doubted that, when they drove their car to one side of the road, drew their guns, and awaited the arrival of the marshal, they had determined upon taking the lives of their pursuers.

The record is free from any error to the prejudice of defendant. Indeed, the jury tempered justice with mercy and imposed a lighter penalty than defendant might have received under the evidence. The judgment is

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.