JAMES L. PARKER v. STATE OF NEBRASKA.

FILED DECEMBER 15, 1919. No. 21115.

The controlling questions presented are covered by the opinion in *Francis v. State, ante, p. 5.*

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson,* for plaintiff in error.

*Clarence A. Davis, Attorney General, George W. Ayres, J. B. Barnes* and *Ralph P. Wilson, contra.*

MORRISSEY, C. J.

From a verdict of guilty of murder in the first degree, and a sentence to imprisonment in the penitentiary for life, for the killing of Harold C. Crownover, defendant prosecutes error to this court.

The information is in the same form as the information in *Francis v. State, ante,* p. 5.

Defendant was the companion of Francis, and the evidence and instructions in the two cases are substantially the same. The difference is that instruction No.

25½, given in the *Francis* case, was not given in the instant case, and that instruction No. 10, given in both cases, but not criticized in the *Francis* case, is complained of here. It is argued that, under this instruction, the jury were permitted to find defendant guilty of murder in the first degree, though defendant intended to kill some person other than Crownover, and the killing of Crownover was merely an accident. The instruction is not open to this construction under the evidence. Defendant and his companion, Francis, were apprehended in the commission of a burglary. They attempted to escape and were closely pursued by the city marshal and four other citizens who volunteered to assist him in making an arrest. All parties were traveling in automobiles. Defendant and companion drove their car to one side of the road, awaited the arrival of the other car, and, when it drew up and the marshal called upon them to surrender, they opened fire upon the party, killing two and wounding a third. There is nothing in this conduct to suggest an accidental killing. It is clear that the purpose was to kill the entire party, if necessary, to enable them to make good their escape. In view of this situation, the instruction was not prejudicially erroneous.

In all other questions, the opinion in *Francis v. State, supra,* is controlling, and the judgment is

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.