STATE, Respondent, v. LANOUETTE, Appellant.

(216 N. W. 870.)

(File No. 6132.   Opinion filed December 20, 1927.)

*Harry P. Atwater,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

MORIARTY, C. The appellant, Hugo Lanouette, was convicted on a charge of having intoxicating liquor in his possession in a public place.

From the judgment pronounced upon said conviction and from an' order denying a new trial, this appeal is taken.

The evidence relied upon by the state is as follows:

On the evening of March 28, 1925, a public dance was being held at the village of Marcus, in Meade county. During the evening officers discovered a jug of "moonshine" whisky hidden at the side of a road which leads to a well referred to in the evidence as the "town pump." An officer remained in hiding near this jug, and saw the defendant stop his car in the road near the jug, go to where the jug was concealed, pick up the jug, and carry it to his car. Just as the defendant reached the car the officer threw a flash-light upon the defendant and ordered him to stop. The car was then standing in the road, and the defendant threw the jug either over the radiator or in front of the radiator to the opposite side of the road. The officer arrested the defendant and picked up the jug, which still contained the whisky.

This evidence was disputed by the defendant in so far as his having the jug in his hands is concerned.

The information upon which defendant was tried alleges that on the 28th day of March, 1925, at Marcus, in the county of Meade and state of South Dakota, said defendant did willfully and unlawfully have in his possession intoxicating liquor, "in a public place, to wit, on a public road at Marcus, S. D."

Before any evidence was taken at the trial defendant's counsel moved to quash the information, on the ground that the defendant had not had a preliminary examination or been bound over to answer any information upon the offense charged in the information then before the court. This motion was denied by the trial court, and its denial is assigned as error.

This contention of defendant's counsel is based upon the fact that the complaint filed in the office of the examining magistrate charged defendant with having liquor in his possession "in a public place, to wit, at a public dance in the village of Marcus, S. D.";

the only variance from the original complaint being the substitution of the words, "on a public road," for the words, "at a public dance." The defendant did not waive the preliminary examination, and there is no contention that the evidence taken at the preliminary examination was other than that tending to show that defendant had the liquor on a road in the vicinity of the place where a public dance was being held. The offense charged was the same in the information as in the complaint, and the state's attorney had a right to make the change of the videlicet, in order to make the information conform to the evidence. The offense charged was the same, the transaction referred to was the same, and the defendant, having heard the evidence taken at the preliminary examination, could not be misled or prejudiced by the change. There was no fatal variance, and the motion to quash was properly denied. Section 4582, Revised Code of 1919; Bean v. State, 18 Okl. Cr. 529, 196 P. 723; People v. Hinshaw, 194 Cal. 1, 227 P. 161; Agent v. State, 18 Okl. Cr. 281, 194 P. 233; Weatherholt v. State, 9 Okl. Cr. 161, 131 P. 185; People v. Miller, 34 Cal. App. 641, 168 P. 574; Francis v. State, 104 Neb. 5, 175 N. W. 675; Parker v. State, 104 Neb. 12, 175 N. W. 677; People v. Bechtel, 80 Mich. 623, 45 N. W. 582; People v. Oscar, 105 Mich. 704, 63 N. W. 971; Mills v. State, 53 Neb. 263, 73 N. W. 761; 31 C. J. 635.

■ Aside from this contention as to variance of the information from the complaint, the only other question raised by the assignments and requiring consideration by this court is the contention that the trial court erred in admitting evidence that the road or trail on which defendant's car was standing at the time of his arrest was one frequently used by drivers of vehicles and by the public generally without opening fences or permission from any one claiming the land, and also erred in rejecting defendant's offer to show that there was no record of any dedication of the land as a road, street, or alley.

The defendant's counsel contends that the information alleges that the defendant had the liquor in his possession "on a public road," and that to prove that allegation it must be proved that the place where the defendant's car was standing at the time of his arrest was a legally established road, street, or alley, dedicated to the public use or established by prescription.

Such is not the intent or spirit of the statute involved. Section 10278, Revised Code of 1919, provides:

"It shall be unlawful for any person to keep or have, for personal use or otherwise, * * * intoxicating liquors in any hotel, restaurant, store, drug store, pharmacy, lunchroom, office or office building, place where any business is carried on, factory, club, place where soft drinks are sold, fruit stand, news stand, room or place where bowling alleys, billiard or pool tables, box ball or similar games are maintained, livery stable, garage, railroad depot, freight-house, express office, blacksmith shop, warehouse, elevator, boat-house, public building, park, road, street, alley or any other public place."

It is the evident intent of the law that it is the actual use by the public, and not the legal right of the public to continue in the use, that makes a place public.

The public may actually use a road which has neither been dedicated or established by prescription, much more frequently than another road which has been legally dedicated or established. The statute says "road," not "public road," and if the use of the term "public road" in the information can be construed to mean anything more than "road" as it appears in the statute, the word "public" in the information is mere surplusage.

In Ellis v. Archer, 38 S. D. 285, 161 N. W. 192, this court was considering a statute making intoxication in a public place a misdemeanor, and in construing what is meant by the term "public place," Judge Gates, speaking for the court, uses the following language:

"A public place within the meaning of this section is a place which in point of fact is public as distinguished from private— a place that is visited by many persons and is accessible to the neighboring public."

This definition of what is meant by the term "public place" justifies the action of the trial court in admitting evidence of the actual use of the road by the public, and in rejecting the offer, to prove that there was no recorded dedication of the right of way. The actual use or assemblage by the public, and not the right to continue the use, is the test to be applied in these cases.

We find no reversible error in the record, and the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.