BRUCE *v.* STATE.

4766                                          265 S. W. 2d 956

Opinion delivered March 22, 1954.

*M. M. Martin,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant, for appellee.

GEORGE ROSE SMITH, J. Elva E. Bruce was found guilty of obtaining money and property under false pretenses and was sentenced to a year's imprisonment. The only issue is whether the verdict is supported by substantial evidence.

On November 29, 1951, for a consideration of $4,800 in cash and a truck worth $1,200, W. C. Watkins purchased from Bruce the pine timber upon 320 acres of Oklahoma land. Bruce represented that he owned the land and timber, but in fact he did not. At the time of the timber sale Bruce was apparently negotiating for the property and had made a payment of $500 as earnest money. The land was owned by the heirs of Ira Dew, one of whom had written Bruce that he thought he could "manage" the other heirs and deliver title to the property. The jury were warranted in finding that Bruce's unqualified assertion of ownership was false and that he knew it to be false. In other cases involving a vendor's false representation of title convictions for obtaining money under false pretenses have been upheld. *Shelton* v. *State,* 96 Ark. 237, 131 S. W. 871; *Holden* v. *State,* 156 Ark. 521, 247 S. W. 768.

It is argued that Bruce settled Watkins' claim by repaying $1,083.33 and by later obtaining an undivided 31/90ths interest in the land and conveying it to Watkins. But if the original transaction was criminal, as the jury found, the fact that restitution was made is not a defense to the charge. *Donohoe* v. *State,* 59 Ark. 375, 27 S. W. 226; *Moss and Clark* v. *State,* 194 Ark. 524, 108 S. W. 2d 782. It would at most have a bearing upon the issue of Bruce's good faith in the first instance, and that question was for the jury.

Affirmed.