BURL GARROUTE *v.* STATE OF ARKANSAS

5217                                                                408 S. W. 2d 485

Opinion delivered October 31, 1966
[Rehearing denied December 12, 1966.]

*Carlos B. Hill* and *Sam Montgomery,* for appellant.

*Bruce Bennett,* Attorney General; *Richard B. Adkisson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was found guilty of having passed a worthless check for $50.55, with intent to defraud. Ark. Stat. Ann. § 67-720 (Repl. 1966). The court, sitting without a jury, sentenced him to imprisonment for two years, this being a second offense.

For reversal appellant contends that the existence of any intention to defraud is completely disproved by the fact that he made complete restitution before he was arrested under the information filed against him. This, however, is not the law. If the original transaction was criminal, the fact that restitution was made is not in itself a defense. *Bruce* v. *State,* 223 Ark. 357, 265 S. W. 2d 956 (1954). Thus the question for the trial court was whether the accused had the requisite dishonest intent in the first instance.

Upon this issue there is substantial evidence to support the judgment of conviction. Garroute issued the check on August 3, 1964, in the purchase of merchandise. It was returned, for insufficient funds. The merchant made repeated efforts to collect the money. Garroute, who was frequently out of town, sent, through his wife, two ten-dollar payments upon the debt, one in February and the other in April. It was not until after the information was filed in November, 1965, that full restitution was finally made. Upon this proof the court was justified in concluding that Garroute knew when he issued the check that it would not be honored. Unlike the accused in *Edens* v. *State,* 235 Ark. 284, 357 S. W. 2d 641 (1962), Garroute obtained full value in return for the check. That fact distinguishes the two cases.

Affirmed.