The State v. Keeler.

---

THE STATE v. KEELER.

28 551
102 698
28 551
106 646
28 551
f130 9

1. Evidence: PRACTICE. Error in the admission of testimony cannot alone be predicated upon a question asked the witness, but the answer thereto must be also shown.

2. Criminal law: CORPUS DELICTI: EVIDENCE. While in a criminal prosecution the *corpus delicti* must be established by clear and distinct proof, beyond a reasonable doubt, it is not necessary that such proof should be direct and positive.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 27.

THE defendant was indicted for the murder of a negro, whose name was to the jurors unknown. He was acquitted, but upon the trial certain errors intervened, as is claimed by the State, and that these may be pointed out is the object of the present appeal.

*H. O' Connor* for the State.

No appearance for the defendant.

WRIGHT, J. — I. The State insists that the court below committed two errors. The first relates to the admission of

1. EVIDENCE: practice.

alleged improper testimony. As to this it is only necessary to say, that while the *question* asked the witness is given, the *answer* is not. The correctness or incorrectness of the ruling depends entirely upon the answer, and, as we do not know what this was, we are, of course, not prepared to say that in its admission there was error. *Mays* v. *Deaver,* 1 Iowa, 216; same point, *Speers* v. *Fortner,* 6 id. 553; *Hanan* v. *Hale,* 7 id. 153; *Willey* v. *Hall,* 8 id. 62. The record should show that the *answer* disclosed improper and illegal testmony, before error can be claimed. This is well settled.

II. The court gave this instruction: " The death of the negro, who fell into the river, as disclosed by the witness

2. CRIMINAL LAW: corpus delicti: evidence.

Rhodes, must be fully and clearly proved by direct and positive proof." The objection made is to the words " *direct and positive proof.*"

In common acceptation, direct or positive evidence is that which is communicated by one who has actual knowledge of the fact; in other words, it is that which, if be-

The State v. Keeler.

lieved, establishes the matter in issue, and does not rest in the least upon any presumption. Another form of expressing the same thought is: where the very facts in dispute are communicated by those who have actual knowledge of them by means of their senses, we have direct or positive evidence. 1 Phil. Ev. 116 ; 1 Stark. Ev. 19. Circumstantial evidence, on the other hand, as will be readily seen, is not direct and positive. For by this we have the proof of facts which usually attend upon those facts sought to be proved. And we speak of this as being certain — sometimes uncertain, but not as *direct* or *positive*.

Now the rule should be adhered to with the utmost and strictest tenacity, that the facts forming the basis of the offense, or *corpus delicti*, must be proved, either by direct testimony or by presumptive evidence of the most cogent or irresistible kind. In one of these methods the essential fact or facts must be established beyond a reasonable doubt. But if thus established, or if the jury can be and are satisfied of such facts beyond this reasonable doubt, it matters not whether they are conducted to this result by direct or presumptive evidence. In other words, while the proof should be clear and distinct, it is not necessary that it should be direct and positive. For while that which is direct might be more satisfactory — less liable to deceive and mislead — this goes to its weight or effect, and by no means establishes that in no other way can the essential facts be shown with the requisite distinctness and clearness. The case in 2 Hale, P. C. (so far as we can judge from the record before us in this) was not very dissimilar in its facts, and the fact of the death (though the body was not found) was left to the jury. The prisoner was convicted and executed. American Criminal Law, 745. So we conclude (while we would by no means relax long and well established rules upon this subject),

that the instruction in question was not warranted, and that the doctrine therein contained is without support either in precedent or the reason of the law.

Having thus, as required by statute (Rev. 4926), given an exposition of the law, no further order is necessary or allowable.