The State v. Vail.

THE STATE v. VAIL.

1. **Criminal Law**: DISCHARGE OF DEFENDANT: COSTS ON APPEAL. A prosecution under a city ordinance, enacted by authority of the State law, the violation of which is punishable by fine and imprisonment, is a criminal proceeding, and an acquittal on appeal in the District Court is an end of the defendant's liability.

*Appeal from Hardin District Court.*

MONDAY, OCTOBER 24.

THE defendant was arrested upon an information charging him with the sale of ale, beer, porter, and mixed liquors, contrary to the statutes of Iowa, and the ordinances of the incorporated town of Eldora. Upon a trial before a justice of the peace, he was adjudged guilty. He appealed to the District Court, where he was tried and acquitted upon the ground that the ordinance of the town of Eldora, under which the prosecution was had, was not legally enacted. The State appealed to this court, and the judgment of the District Court was reversed. The costs in this court were taxed to the defendant. He now moves to re-tax the costs and relieve him from the payment thereof.

*H. L. Huff*, for defendant.

*Smith McPherson, Attorney General*, for the State.

ROTHROCK, J.—The ordinance under which the defendant

was prosecuted provided that its violation should be punisha-

**1. CRIMINAL law: discharge of defendant: costs on appeal.**
ble by a fine of not less than five dollars, nor more than fifty dollars, and in default of payment, imprisonment in jail, not exceeding thirty days. This and many other ordinances of cities through-out the State make the offenses which they prohibit criminal in their nature and punishable by fine and imprisonment. The law provides that where the defendant in a criminal case is acquitted of the charge in the District Court, the State may appeal, but this court cannot reverse the judgment, or so modify it as to increase the punishment. Code, § 4539; and see *State v. Kinney*, 44 Iowa, 414. In a criminal case, then, where there is an acquittal in the District Court, and the defendant is discharged, the discharge is an end of the case so far as he is concerned. The appeal is a matter of no moment to him, and indeed, in many criminal cases where the State appeals, the defendant does not appear in this court. Such was the case in the present instance. See 53 Iowa, 550.

It only remains to be determined whether or not this was a criminal proceeding. It appears to us that where authority is given to a municipal corporation to pass ordinances, the violation of which is punishable with fine, or fines and imprisonment, the proceedings thereunder are necessarily criminal proceedings. See *Jaquith v. Royce*, 42 Iowa, 406. All of the proceedings in the District Court upon appeal are the same, as upon appeals from the judgments of the justices of the peace under the criminal laws of the State. Now, when the State has delegated authority to a municipal corporation to enact ordinances for the punishment of offenses as crimes, the proceedings are criminal, and an acquittal upon appeal to the District Court is an end of the defendant's liability. The motion to re-tax costs will be sustained.