STATE OF IOWA, Appellant, v. W. M. BAIR.

**Criminal Law:** Itinerant Vending of Drugs. The offense against chapter 75, Acts, Eighteenth General Assembly, does not consist of selling or offering drugs for sale but in being an itinerant who publicly professes by writing or printing to treat diseases by drugs.

**Constitutionality.** Such enactment does not contravene article 1, section 7, constitution of Iowa, guaranteeing the right to speak and write.

**Indictment.** May charge this offense in the language of the statute.

SAME. The fact that more than one count is used does not make each a separate offense and indictment so charging is not bad for duplicity. It is the proposing which is the offense.

**Demurrer:** RULING ON: WHEN APPEALABLE. When a demurrer to an indictment is sustained and defendant discharged, it is a judgment for the purpose of appeal, though court retained the right to resubmit to another grand jury.

*Appeal from Monroe District Court.*—HON. W. D. TISDALE, Judge.

WEDNESDAY, OCTOBER 10, 1894.

INDICTMENT for publicly professing to treat diseases while an itinerant vendor of drugs, nostrums, etc., without license. The district court sustained a demurrer to the indictment, and the state appealed.

*John Y. Stone,* attorney general, *N. E. Kendall,* and *J. C. Mabry* for the state.

*Liston McMillen* for appellee.

GRANGER, C. J.—The indictment is as follows: "The grand jury of the county of Monroe, in the name and by the authority of the state of Iowa, accuse W. M. Bair of the crime of violating the pharmacy law, committed as follows: The said defendant, W. M. Bair, on the first day of December, in the year of our Lord one thousand, eight hundred and ninety-two, in Monroe county, being then and there an itinerant vendor of drugs, nostrums, ointments, and appliances intended for the treatment of diseases and injuries, did unlawfully and willfully, by printing, writing, and other methods, publicly profess to treat and cure diseases, injuries, and deformities, by drugs, nostrums, manipulations, and other expedients; the said defendant not having a license as such itinerant vendor, nor having paid therefor, as required by law, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Iowa."

I. It is said by appellee that an appeal will not lie because there is no judgment. The record shows that the demurrer to the indictment was sustained, and it was "ordered that the defendant be discharged, and the sureties on his bond be relieved and exonerated from liability as such bondsmen." We

regard that as a judgment. An action was pending; an issue was made, tried, and determined; and the adjudication was final in that proceeding. Every final adjudication of the rights of the parties in an action is a judgment. Code, section 2849. The fact that under certain conditions the district court could have remanded the case to the grand jury for further action does not affect the conclusion. It was not so remanded, and the judgment became final.

II. It is urged that the indictment is defective, because the facts constituting the offense are not pleaded. The indictment is laid under the provisions of chapter 75, Acts, Eighteenth General Assembly. It is there provided: "Any itinerant vendor of any drug, nostrum, ointment or appliance of any kind, intended for the treatment of diseases or injury, who shall, by writing or printing, or any other method, publicly profess to cure or treat diseases, or injury or deformity, by any drugs, nostrum, manipulation, or other expedient, shall pay a license of one hundred dollars per annum. * * *" Any person violating this section shall be deemed guilty of misdemeanor, etc. It is said that the indictment fails to allege that any drugs were sold, or offered for sale, in Monroe county. The offense does not consist in the defendant's having sold, or offered for sale, drugs in Monroe county, but in the fact of his then being an itinerant vendor of drugs, etc., and then publicly professing, in Monroe county, by writing or printing or another method, to cure or treat diseases, etc., by any drug, etc. For instance, any person being an itinerant vendor of drugs, who, going into Monroe county, and without a sale or an offer to sell, makes the profession of curing or treating in the way and by means specified, is guilty of the offense contemplated by the act.

III. The indictment charges that the defendant did, by "printing, writing, and other methods, profess,"

etc.   It is urged that, if more than one printing or writing was used, each would be a separate offense, and hence that the indictment is bad for duplicity. We think not.   It is the professing to cure or treat that constitutes the offense, and that may be done by one or many writings or printings, or both.

IV.   It is further insisted that the act under which the indictment was found is in violation of the constitutional provision that "every person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that right.   No law shall be passed to restrain or abridge the liberty of speech or of the press."   Constitution, Iowa, art. 1, section 7.   The statute in question is a part of a chapter regulating "The Practice of Pharmacy, and the Sale of Medicines and Poisons," and is designed to guard against evil consequences liable to result therefrom.   The prohibitive features of the act do not go to the rights intended to be secured by the constitutional provision as to speaking, writing, or publishing one's sentiments, or as to abridging or restraining the liberty of the press.

The indictment charges the offense in the language of the law, substantially, which is particularly specific as to the facts constituting an offense.   In such a case it is sufficient to charge the offense in the language of the statute.   *State v. Curran*, 51 Iowa, 112, 49 N. W. Rep. 1006.   We think the indictment is sufficient, and that the court erred in sustaining the demurrer.   While we disapprove the order of the court in sustaining the demurrer, the appeal being by the state, we do not reverse the judgment.