STATE OF IOWA v. WILLIAM FIELDS, Appellant.

**Demurrer to Indictment:** FORMER ACQUITTAL. One whose demurrer to an indictment, on the ground that it contained matter which was a legal defense to the prosecution, was sustained by the district court and his discharge directed; may interpose a plea of former acquittal to a subsequent indictment setting out a little more fully the facts charged in the first where a resubmission of

the cause was not ordered, and although the ruling of the district court was reversed on appeal.

SAME.  A judgment sustaining a demurrer to an indictment is final not only as to the indictment itself but as to all the issues presented by the demurrer.

SAME.  Code, section 4366, provides that "the judgment for defendant on demurrer, except where it is otherwise provided, or for an objection to it in form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the same offense." Section 4356 provides "if the demurrer is sustained because the indictment contains matter which is a legal defense or bar to the indictment, the judgment shall be final and the defendant must be discharged." *Held*, that a judgment sustaining a demurrer to an indictment because it presents a legal defense, is a bar to a second indictment.

DEMURRER AND MOTION.  Code, section 4844, providing that "an order to set aside the indictment as provided in this chapter (relating to setting aside indictments on motion) shall be no bar to future prosecutions for the same offense," does not apply to an order holding an indictment insufficient on demurrer.

FINAL JUDGMENT.  A ruling sustaining a demurrer to an indictment on the ground that it contained matter which was a legal defense or bar to the prosecution and directing the discharge of the defendant and the release of his bondsmen is in legal effect a final judgment.

*Same.*  The provision of Code, 1873, section 4364, that a conviction or acquittal by a judgment on a verdict shall bar another prosecution for the same offense does not exclude a conviction or acquittal without a verdict from having the same effect.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

MONDAY, OCTOBER 17, 1898.

THE defendant was convicted of the crime of fraudulent banking, and from the judgment rendered against him he appeals.—*Reversed.*

*H. C. Hemenway, Powers, Lacy & Brown, Mullan & Pickett, Hemenway & Grundy,* and *J. B. Powers* for appellant.

*Milton Remley,* Attorney General, for the State.

ROBINSON, J.—The indictment charges that the offense of which the defendant was convicted was committed as follows: "The said William Fields on the 15th day of May in the year of our Lord 1893, in the county [Blackhawk] aforesaid, being then and there president of the First National Bank of Cedar Falls, Iowa, a corporation duly organized under the laws of the United States for the purpose of carrying on and transacting a banking business, and such First National Bank being then and there insolvent, he, the said William Fields, as such president, with knowledge of such insolvency, did then and there, willfully, unlawfully, and feloniously, permit to be received by the First National Bank of Cedar Falls, Iowa, and did receive and accept for the First National Bank of Cedar Falls, Iowa, from one Ben Hesser, acting as clerk of Ed. Wilson, as a deposit, about one hundred and ninety dollars in money, bank bills, treasury notes, and currency of the United States, circulating as money or currency, and of the value of about one hundred and ninety dollars ($190.00), and the property of the said Ed. Wilson, contrary to the form of the statutes, and against the peace and dignity of the state of Iowa." The defendant appeared to the indictment, waived formal arraignment, and entered the plea of not guilty; reserving the right, however, to withdraw the plea for the purpose of filing a motion, or demurring to the indictment, or entering a challenge to the grand jury. Afterwards, on proper application, the place of trial was changed from Blackhawk to Buchanan county, and the cause was there tried.

The indictment on which the conviction of the defendant is based was returned by the grand jury of Blackhawk county in September, 1895. It is the second one returned by that body for the same act,—the receiving from Hesser, for Ed. Wilson, of the sum specified, on the date stated. The first indictment was returned in September, 1893. The cause was transferred to Buchanan county. A demurrer to the indictment was there sustained, and it

was ordered that the defendant be discharged. An appeal
was taken by the state, and the judgment of the district court
was reversed. See 98 Iowa, 748. It is insisted by the appel-
lant that the judgment rendered by the district court on that
demurrer was a final adjudication as to his guilt, and a bar
to a second indictment for the same offense. The language
of the two indictments is substantially the same, excepting
the first indictment does not contain that portion of the second
one which appears between the words "permit to be received,"
and "from Ben Hesser," which is as follows: "by the First
National Bank of Cedar Falls, Iowa, and did receive and
accept for the First National Bank of Cedar Falls, Iowa."
The demurrer which was filed to the first indictment and sus-
tained stated "*    *    * that the indictment contains matter
which, if true, constitutes a legal defense and bar to the prose-
cution of this action, in this, to wit." Grounds of demurrer
were then set out in seven distinct paragraphs. All but one
of these were based upon the theory that as the bank of which
the defendant was president, and for which the deposit in
question was received, was a national bank, organized under
and regulated by acts of congress which applied to national
banks, the general assembly of this state lacked the power
to prohibit or punish the act with which the defendant is
charged; that the act of the general assembly under which the
indictment was returned does not, for that reason, apply to
national banks and their officers; that, so far as the act pur-
ports to apply to such banks and officers, it is unconstitutional;
and that the state courts have no jurisdiction to try the
defendant for the offense charged. The sixth ground of the
demurrer was stated as follows: "The indictment does not
substantially conform to the requirements of the Code of
Iowa, and fails to state facts sufficient to constitute a crime
under the laws of the state, in this: That said indictment fails
to state that the money named in the indictment was deposited
in or received by the First National Bank of Cedar Falls,

Iowa, as a deposit, and fails to state that the defendant know-- ingly received said money, or knowingly authorized or per- mitted said money to be received, as a deposit." The demurrer was sustained upon all grounds but the sixth, and as to that ground it was overruled, and it was ordered that the defend- ant be discharged, and that his bonds be released. The defend- ant pleaded to the second indictment the action thus had as an acquittal, and that plea was withdrawn from the jury by an instruction of the court.

The statutes which applied to this cause in the district court are found in the Code of 1873. Section 4347 of that Code provides that issues of law shall be tried by the court. Section 4352 provides that "the defendant may demur to the indictment when it appears upon its face either (1) that it does not substantially conform to the requirements of the Code, (2) that the indictment contains any matter which, if true, would constitute a legal defense or bar to the prosecu- tion." Section 4356 provides that, "if the demurrer is sus- tained because the indictment contains matter which is a legal defense or bar to the indictment, the judgment shall be final, and the defendant must be discharged." Section 4357 provides that if the demurrer is sustained on any other ground than that the offense charged is within the exclusive jurisdiction of another county of this state, or that the indict- ment contains matter which is a legal defense or bar to the indictment, the defendant must be dealt with as provided in section 4341 of the Code, unless the court, being of the opinion that the objection can be remedied or avoided in another indictment, orders the cause to be resubmitted, and when that is done the defendant may be dealt with as provided by sec- tion 4342 of the Code. It may be that there are clerical errors in the references to sections contained in section 4357, but we have used the citations which it gives without, however, determining that there are not errors, or the proper effect of the section in cases to which it is applicable. It is enough to say of it that it authorized the re-submission of a cause

to a grand jury where the indictment was found to be defective and the court believed the defect could be cured by another indictment, and where the court ordered the re-submission. This case does not come within that provision. The only ground of the demurrer which can be regarded as having been based upon a defect which could have been cured by a new indictment was the sixth, and the demurrer was overruled as to that ground, although the change in the new indictment was doubtless made to avoid it. The other grounds of the demurrer were, in effect, that the indictment contained matter which was a legal defense or bar to the indictment, and, as the demurrer was sustained on those grounds, the case was within the provisions of section 4356. The order made on the ruling was not in the form of a judgment, but, it, in terms, discharged the defendant and released his bonds, and was, in legal effect, a final judgment. *State v. Alverson,* 105 Iowa, 152. What is the effect of a final judgment for which section 4356 provides? It is said that the section does not state that the judgment and discharge of the defendant thereunder shall be a bar to further prosecution, and that they should not be given that effect; and section 4344 is cited as supporting this theory. That section is as follows: "An order to set aside the indictment as provided in this chapter, shall be no bar to a future prosecution for the same offense." But the chapter in which that appears relates to the setting aside of indictments on motion, and not to indictments held to be insufficient on demurrer, and does not apply to this case. Section 4364 provides that "a conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the conviction or acquittal took place," and section 4366 is as follows: "The judgment for the defendant on demurrer, except where it is otherwise provided, or for an objection to its form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the

same offense." The state relies on the first of these sections as tending strongly to show that a judgment of acquittal not based on a verdict will not bar another prosecution for the same offense, and it relies upon the second as conclusive that a judgment for the defendant on a demurrer does not bar another prosecution for the same offense, for it is contended that it is not "otherwise provided" by any statutory provision. We do not think the fact that section 4364 specifies only a conviction or acquittal by a judgment on a verdict tends to show that a conviction or acquittal without a verdict may not bar another prosecution for the same offense. The section refers to judgments rendered on verdicts in cases in which the indictments are defective in form or in substance, and not to judgments not rendered on verdicts. Section 4366 excepts from the general rule which it prescribes, that judgment for the defendant on a demurrer shall not bar another prosecution for the same offense, those cases "where it is otherwise provided." Sections 4355 and 4356 permit the district court to order a re-submission of the cause to the grand jury when a demurrer to the indictment has been sustained, if the demurrer was not sustained on the ground that the offense charged was within the exclusive jurisdiction of another county, or on the ground that the indictment contains matter which is a legal defense or bar to the indictment. In neither of those cases was a re-submission authorized, for the sufficient reason, no doubt, that the defect could not be cured or avoided by another indictment. When the defect was the jurisdictional one, there was provision for instituting proceedings in the proper county, and for securing the appearance thereto of the defendant; but, if the demurrer was sustained because the indictment showed facts which were a legal defense or bar to it, final judgment and the discharge of the defendant were required. It is suggested that the judgment was required to be final only as to the indictment to which the demurrer was sustained, but we are of the opinion that it is also final as to the issues presented by the demurrer. If the indictment shows

that there cannot be a valid conviction for the offense charged, reason and sound public policy demand that the proceedings be terminated, and that neither the state nor the defendant be subject to the expense or annoyance of further prosecutions which cannot end in conviction. In such a case as much can be accomplished by one indictment as by many, and the judgment which the statute contemplates is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it had been rendered upon a verdict of not guilty. See 1 Bushwell Criminal Procedure, 782; Wharton Criminal Practice, section 404. When the district court sustained the demurrer to the first indictment, it did not order a re-submission of the cause; and, although additional matter, which we have noted, was set out in the second indictment, it did not change the nature of the offense alleged, and was not made in consequence of any order of the court. The second indictment merely sets out a little more fully the facts charged in the first indictment, and is vulnerable to the objections which the district court held to be fatal to the first indictment. The fact that this court adjudged that the ruling of the district court on the demurrer and its judgment were erroneous did not affect the right of the defendant to insist that as to him the judgment was final. *State v. Kinney,* 44 Iowa, 444.

There is no controversy in regard to the facts of this case which we have been considering, and we conclude that the district court erred in withdrawing from the jury the plea of former acquittal. Since this conclusion is necessarily conclusive of the case, there is no necessity for determining numerous questions presented in argument, nor for approving or disapproving the opinion in *State v. Fields,* 98 Iowa, 748. For the error pointed out the judgment of the district court is REVERSED.