OF THE

## STATE OF IOWA

. AT

## DES MOINES, MAY TERM, 1908.

### AND IN THE SIXTY-SECOND YEAR OF THE STATE.

---

THE STATE OF IOWA, Appellant, v. CHARLES F. GILBERT and
NELLIE GILBERT, Appellees.

**Subpœna of witnesses at expense of State:** APPLICATION: REVIEW.
1 Assuming that the State may appeal from an order directing the .
subpœna of witnesses for a defendant at public expense, it will
be presumed on appeal that the trial court was advised of the mate-
riality of the evidence before making the order, the record being
silent on the subject; especially where no prejudice is shown.

**Appeal by State:** QUESTIONS REVIEWED. Although the State may ap-
2 peal a criminal case to secure a ruling upon the proceedings for
future guidance, still the appellate court will not review a directed
verdict on the ground of insufficient evidence, since the ruling in-
volves no more than a finding of fact.

*Appeal from Iowa District Court.*— HON. R. P. HOWELL,
Judge.

TUESDAY, MAY 5, 1908.

THE defendants were charged by indictment with the crime of feloniously exposing an infant child. At the close of the evidence for the State, the defendants moved for an instructed verdict in their favor, and the motion was sustained. Judgment was entered discharging the defendants, and the State appeals.— *Affirmed.*

*H. W. Byers,* Attorney General, *Chase. W. Lyon,* Assistant Attorney General, and *W. E. Wallace,* County Attorney, for the State.

*Popham & Havner,* for appellees.

BISHOP, J.— I. Before the commencement of the trial, the defendants applied to the court for an order commanding the issuance of a subpœna to secure the attendance of certain

1. SUBPŒNA OF WITNESSES AT EXPENSE OF STATE: application: review.

persons as witnesses on their behalf. The application recited the names of the witnesses, but did not disclose what facts were expected to be proven by them. The State filed a resistance to the application based wholly upon the failure to include therein a statement of facts material to the issue. The court overruled the resistance, and ordered that the witnesses be subpœnaed at the expense of the State. And this is the first matter of error of which the State complains. Assuming that such orders are reviewable on appeal taken by the State, we are not quite sure that we comprehend what is here expected from us as a result of the present appeal. The statute says that the court or judge on satisfactory showing that certain witnesses are material and necessary for the defense, may order such witnesses to be subpœnaed at the expense of. the State. Code, section 5492. It is evident that the proceeding leading up to the order was intended to be

wholly *ex parte;* there is no requirement for notice, nor is the manner and form of the proceeding prescribed. It seems to have been left for the court or judge to consider the showing made — written or oral — and grant the order if satisfied; otherwise, to refuse it. The whole matter is confided to his discretion, and there is no way in which we can determine whether there has been an abuse except on examination of the showing on which the order was based. Here, the record is silent. True, the written application does not contain a showing, but we must assume that the court performed its duty and required that he be put into possession of the reasons for the application before making the order. To this it may be added that there is no showing of prejudice resulting from the order. As far as appears, no subpœna was ever issued or any expense to the State made.

II. The second matter of error contended for arises out of the ruling on the motion for a directed verdict. It is the statute that the State may appeal in a criminal case, but **2. APPEAL BY STATE: questions reviewed.** only that errors in the proceedings may be pointed out for guidance in future cases; the judgment entered cannot be disturbed. Code, section 5463. And on such appeal this court will only discuss and dispose of those questions which are proper to be determined as a precedent in other cases. *State v. Mackey,* 82 Iowa, 393.

Here, the ruling complained of involves no more than a pronouncement on the fact situation of the case as made by the State. Substantially the motion for a verdict went no farther than to challenge the sufficiency of the evidence to support a conviction of the crime charged. And in ruling the court determined only that the evidence was not sufficient. As no one could be benefited by our doing so, we decline to go over the record in review of the ruling. Accordingly the judgment must be, and it is, *affirmed.*