STATE OF IOWA, Appellant, v. F. W. DIETZ, Appellee.

Criminal law: ADULTERY: CONVICTION OF ONE PARTY: EFFECT. Although one of the parties charged with adultery may have been convicted on a separate trial, it does not necessarily follow that the other must also be convicted, as the evidence may differ: though it would be impossible for one to be guilty and the other innocent.

**Same:** EVIDENCE: SUBSTANTIVE AND IMPEACHING. Where a witness upon the trial of one of the parties for adultery changed his evidence on the trial of the other, his testimony on the second trial was substantive evidence and that upon the former trial impeaching only.

**Same:** ADULTERY: EVIDENCE: SUBMISSION OF ISSUE. Mere proof of adulterous disposition and opportunity to commit the crime of adultery are not sufficient to warrant conviction; but when coupled with proof that the parties were in the same room for some time in the middle of the night, with little light and embracing each other either in or on the bed, was sufficient to take the issue to the jury.

*Appeal from Humboldt District Court.*—HON. D. F. COYLE, Judge.

SATURDAY, NOVEMBER 22, 1913.

THE defendant was indicted for the crime of adultery. The case was tried to a jury, and at the close of the evidence for the State the court directed a verdict for defendant. The State appeals.—*Reversed.*

*George W. Cosson*, Attorney General, *John Cunningham*, County Attorney, and *Maurice O'Connor*, for appellant.

*Clyde C. Coyle*, for appellee.

PRESTON, J.—The parties alleged to have committed the act of adultery charged in this case are the same as in *State v. Taylor*, 160 Iowa, 328, and the transaction is the same. In that case the jury convicted. In the present case the court directed a verdict of not guilty on the state's evidence. The nature of the act is such that it would be impossible for one to be guilty and the other innocent. This makes the situation

1. CRIMINAL LAW: adultery: conviction of one party: effect.

peculiar. But the parties accused were indicted separately. If they had been indicted together, they would have been entitled, under the law, to separate trials. It does not necessarily follow that, under such circumstances, there should be a conviction in one case because there was in the other. It ought to be so, of course, in one sense; yet in such cases one jury might convict and another acquit on the same evidence, or the evidence may not be the same. One of the two parties may write letters or make admissions binding upon the party so making them; the other may be shrewd enough to burn any written admissions or letters, or succeed in suppressing evidence or inducing witnesses to not testify; or a material witness may, through motives of self-interest, or to shield one of the parties, refuse to testify in one case after having testified in the other. We do not have the evidence before us in the former case, except as the facts are recited in the opinion. The instant case should, of course, be decided on this appeal on the evidence here.

The sole question on this appeal is whether the evidence was sufficient to take the case to the jury and sustain a conviction, if it had been so submitted and the jury had found this defendant guilty. The evidence on this appeal is substantially the same as recited in the opinion in the *Taylor* case, with these exceptions:

(1) In that case the act of adultery relied upon by the state was denied by both parties, while in this case there was no denial. In this respect, then, the present case is stronger than the *Taylor* case, where a conviction was sustained.

(2) In the *Taylor* case letters written by Mrs. Taylor to defendant were introduced, tending to show adulteries between these two in another county. These letters were not admitted as substantive evidence to prove the act charged, but only as tending to show adulterous disposition. These letters would be admissible against Mrs. Taylor, but, perhaps, not against this defendant, at least unless it was shown that they were received and read by him. They were not

introduced in this case. However, there was evidence introduced as to a transaction between defendant and Mrs. Taylor at a hotel in Ft. Dodge, a short time before the act in question, which, with other acts of familiarity between them, would have justified the jury in finding that there was such adulterous disposition on their part.

(3) It was claimed by appellee that the witness Peterson changed his testimony on this trial, so as to place himself in a different and more advantageous position than that occupied by him as testified to by him on the Taylor trial, to see the position and acts of the parties in a room across the hall. If this be true, then we take it his evidence was strengthened by the way he put it on this trial, or at least that he attempted to do so. Under such circumstances the evidence given by him on this trial is the substantive evidence, and what he said on the former trial as to his own position is only impeaching. *State v. Carpenter*, 124 Iowa, 5.

2. SAME: evidence: substantive and impeaching.

We think the witness did not contradict himself as strongly as contended by appellee. The contention now is that this witness tells an improbable story. But his credibility as to this, and the weight to be given his testimony by reason of the alleged impeachment, was for the jury. He testifies that he saw defendant and Mrs. Taylor in each other's arms in or on the bed in her room, in the middle of the night, with the light turned low, and that they were there in the room at least two hours. Defendant was a married man, and Mrs. Taylor a divorced woman. There is no explanation—no denial. It would not be necessary for them to get in that position for the transaction of any other business. We have, then, as stated in the *Taylor* case, adulterous disposition, opportunity, and position. It is within the rule and enough. The case is as strong in its facts, if not stronger, than the *Taylor* case. It should have been submitted to the jury. There is no necessity for prolonging the discussion.

3. SAME: adultery: evidence: submission of issue.

The case is reversed, but, defendant having been adjudged not guilty by the directed verdict, there is no remand for further proceedings.—*Reversed.*

WEAVER, C. J., and EVANS and LADD, JJ., concur.