STATE OF IOWA, Appellant, v. NUKIE KIRKMAN, Appellee.

JUNE 26, 1928.

*John Fletcher*, Attorney-general, and *Blanchard W. Preston*, County Attorney, for appellant.

*David S. David*, for appellee.

FAVILLE, J.—The undisputed evidence shows that officers, late at night or early in the morning, approached an automobile in which the defendant was sitting. When discovered, defendant threw a bottle containing intoxicating liquor out of the said automobile, and the same lodged on the ground near the car. It did not break, and was seized by the officers. The defendant is charged, under Section 1924, Code of 1927, with having possession of intoxicating liquor. Said Section 1924, among other things, provides that no person shall "have possession of any intoxicating liquor, except as provided in this title."

There was no charge of transporting intoxicating liquor, and it is immaterial whether the defendant was driving the automobile or not. By Code Section 1966-a3, an attempt to destroy liquid by any person while in the presence of peace officers shall be prima-facie evidence that "such liquid is intoxicating liquor and intended for unlawful purposes." Under the statute (Code Section 1966-a2), certain defenses are available to one having possession of intoxicating liquor. No evidence was offered in behalf of the defendant. The evidence in the case was sufficient to carry to the jury the question as to whether or not the defendant was guilty of the crime charged. Ordinarily, we do not review a criminal case where there is a directed verdict predicated solely on the ground of the insufficiency of the evidence. *State v. Gilbert,* 138 Iowa 335. The motion in the instant case, however, was broader than this. The evidence was sufficient to establish the *corpus delicti,* and carry the case to the jury. See *State v. Kelley,* 193 Iowa 62, and cases cited. The court erred in sustaining the motion. The cause cannot be retried, and no order of remand will be entered. The order of the district court, however, must be, and it is,—*Reversed.*

STEVENS, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.