STATE OF IOWA, Appellant, v. H. E. TOMLINSON, Appellee.

No. 47169.

(Reported in 31 N. W. 2d 384)

MARCH 9, 1948.

Robert L. Larson, Attorney General, William M. Carron, Special Assistant Attorney General, and E. W. Adams, County Attorney, for appellant.

O. H. Allbee, of Marshalltown, for appellee.

BLISS, J.—The defendant, sixty-seven, a widower, with five grown children living in different parts of the United States, made his home in Marshalltown and Lamoille, and devoted his time to overseeing his farm of three hundred and forty acres near by, which was operated by others. In going to and from

the farm and his lodging place he drove his own car or truck. He had placed an order and a deposit for a new car with a car dealer in Marshalltown in the latter part of December 1945. He was unable to get a new car but he left his order and deposit with the dealer. In the meantime he drove used cars— seven of them—but all of them needed repairs and none was satisfactory; with the exception of an old truck which he used at the farm for hauling tile, fencing materials, etc., he had never had two cars at a time. Two of the cars became out of repair on trips to Texas and Montana to visit relatives and the children. On one of these trips he exchanged his car because he could not get repairs. On another trip he disposed of his car and came home on the train. There was no evidence that he ever in any way represented or advertised that he was engaged in selling or otherwise dealing in used cars. The evidence is that he lost money in every transaction. He finally secured a satisfactory car which he retained. The State's evidence consisted of registration slips, etc., from the county treasurer's office, identified by a deputy in the office.

Section 322.3(2), Code, 1946, provides in substance that no one shall engage in this state in the business of selling at retail used motor vehicles or represent or advertise that he is or intends to so engage himself, without procuring a proper license.

The appeal was not argued orally. Defendant's attorney died prior to the submission of the appeal, and there is no argument for the defense. The only ground of the motion to direct was the insufficiency of the evidence to sustain the charge. No other question is raised on this appeal. It would serve no purpose to discuss this question. Whether the direction of the verdict was right or wrong, the defendant cannot again be tried for the offense charged. The only purpose of an appeal by the state in a criminal case from an adverse judgment is when "the appeal involves questions of law, either substantive or procedural, whose determination will be beneficial generally, or guide the trial courts in the future." State v. Traas, 230 Iowa 826, 828, 298 N. W. 862, 864; section 793.20, Code, 1946.

What the court said in State v. Gilbert, 138 Iowa 335, 337, 116 N. W. 142, 143, applies fully and directly to this appeal:

"Here, the ruling complained of involves no more than a pronouncement on the fact situation of the case as made by the State. Substantially the motion for a verdict went no farther than to challenge the sufficiency of the evidence to support a conviction of the crime charged. And in ruling the court determined only that the evidence was not sufficient. As no one could be benefited by our doing so, we decline to go over the record in review of the ruling."

For other decisions in point see State v. Traas, supra, 230 Iowa 826, 828, 298 N. W. 862.

The judgment is affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, HALE, GARFIELD, MANTZ, and HAYS, JJ., concur.