STATE OF IOWA, appellee, v. ARTHUR RAYMOND VALEU, appellant.

No. 52247.

964

NOVEMBER 15, 1966.

N. E. McManus, of Keokuk, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert B. Dickey, Lee County Attorney, for appellee.

STUART, J.—We are here concerned with the effect of an erroneous ruling by the trial court sustaining a demurrer to an indictment on the right of the State to proceed to trial under such indictment. On September 10, 1964, defendant was indicted on the charge of operating a motor vehicle while intoxicated. The indictment and accompanying minutes revealed the driving occurred in a private parking lot. A demurrer was sustained on the theory that such driving must take place on the public highway. We reversed in State v. Valeu, 257 Iowa 867, 871, 134 N.W.2d 911, saying: "It was error to sustain the demurrer to the indictment. With instructions to overrule the demurrer and for further proceedings according to law the case is—Reversed and remanded."

On June 29, 1965, defendant moved to dismiss the indictment claiming a trial would subject him to double jeopardy con-

trary to the Constitutions of the United States and the State of Iowa. The motion was overruled. After a jury had been sworn, defendant with permission introduced the indictment, demurrer and the order of September 18, 1964, sustaining it and again moved for dismissal adding statutory grounds to the constitutional grounds. This motion was renewed at the close of the evidence and overruled. He was convicted. Similar grounds were urged in a motion for new trial which was also overruled. Defendant appealed.

I. The State concedes sections 777.2, 777.8, 777.9, 777.22 and 793.20, as interpreted by State v. Bair, 92 Iowa 28, 60 N.W. 486, State v. Fields, 106 Iowa 406, 76 N.W. 802, and State v. Sexsmith, 202 Iowa 537, 210 N.W. 555, support appellant's contention, but claim (1) the cases should be reconsidered and overruled, and (2) the appellant waived his right to raise the plea of former acquittal.

Although we are inclined to agree with the State that it does not seem logical to permit the erroneous sustaining of a demurrer to stand as a former acquittal, they have given us no basis on which the statutes could be otherwise interpreted and we have discovered none.

Section 777.2 provides: "The defendant may demur to the indictment when it appears upon its face, either:

"1. That it does not substantially conform to the requirements of this Code, or

"2. That the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution."

The trial court held the indictment did not substantially conform to the Code as it did not state the accused was driving on the public highways. The minutes showed that the driving occurred in a private parking lot and the demurrer could also have been sustained on the second ground, if, as the trial court believed, the driving had to occur on the public highways. We will therefore treat the demurrer as if it had been sustained on both grounds.

Section 777.8 provides: "If a demurrer is sustained because the indictment contains matter which is a legal defense

or bar to the indictment, the judgment shall be final and the defendant must be discharged."

Section 793.20 provides: "If the state appeals, the supreme court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law."

■ Our cases have consistently held the sustaining of a demurrer on the ground it contained matter which was a legal defense, even though later determined to have been erroneous, is a bar to further prosecution. In State v. Bair, 92 Iowa 28, 31, 60 N.W. 486, we said: "We think the indictment is sufficient and that the court erred in sustaining the demurrer. While we disapprove the order of the court in sustaining the demurrer, the appeal being by the State, we do not reverse the judgment."

"It is not questioned that, if the demurrer was sustained because the indictment contained matter which was a legal defense or bar to the prosecution, the judgment thereon was final, and a bar to prosecution. Section 13796 [777.8] leaves no room for controversy on that point. State v. Fields, 106 Iowa 406." State v. Sexsmith, 202 Iowa 537, 540, 210 N.W. 555.

In State v. Talerico, 227 Iowa 1315, 1324, 290 N.W. 660, a demurrer was sustained on the ground that the statute in question was unconstitutional. We held the statute to be constitutional, and said: "It follows that the trial court erred in sustaining the demurrer to the indictment. The ruling upon the demurrer is reversed but under the statute the case may not be remanded."

The leading case on this proposition is State v. Fields, 106 Iowa 406, 413, 76 N.W. 802. There a demurrer was sustained to an indictment on the ground it contained "matter, which, if true, constitutes a legal defense and bar to the prosecution of this action * * *". The ruling was determined to be erroneous on appeal. Fields was indicted a second time. He raised the plea of former acquittal.

The pertinent sections of the Code at that time were substantially the same as in the instant case. We held the judgment was final not only as to the indictment to which the demurrer

was sustained but final as to the issues presented by the demurrer stating: "The fact that this court adjudged that the ruling of the district court on the demurrer and its judgment were erroneous did not affect the right of the defendant to insist that as to him the judgment was final."

The court's explanation of the reason for the rule is not unassailable, but regardless of its merit it is difficult to see how a different result could be reached under the statutes. We are not persuaded public policy demands the result reached there or here, but this is a matter for the legislature, not the courts.

If we treat the demurrer as having been sustained on the ground the indictment did not substantially conform to the requirements of the Code, sections 777.9 and 777.22 apply.

"777.9 Resubmission. If a demurrer is sustained on any other ground, the defendant must be discharged and his bail exonerated, if bail has been given, unless the court is of opinion, on good cause shown, that the objection can be remedied or avoided in another indictment, in which case the court may order the cause to be resubmitted to the same or another grand jury, and the defendant may be held in custody, if not at large on bail, in which case the undertaking given shall remain in force."

"777.22 Other judgments—when a bar. Except where otherwise provided, the judgment for a defendant on a demurrer, or on an objection to its form or substance taken on the trial, or for variance between the indictment and the proof, shall not bar another prosecution for the same offense, if a resubmission has been ordered."

This problem was considered in State v. Sexsmith, 202 Iowa 537, 541, 210 N.W. 555. The State urged that section 13797 (now 777.9) provided only another method to continue the prosecution and was not exclusive. We said: "There would be much plausibility to the argument of the State, were it not for section 13809 [777.22], which provides, in substance, that, except where otherwise provided, a judgment for a defendant on a demurrer shall not bar another prosecution for the same

offense, if a resubmission has been ordered. \* \* \* This was tantamount to saying that the judgment for the defendant on demurrer should not be a bar if the provisions of section 13797 were complied with; for the latter section contains the only statutory authority for the resubmission of the charge to the grand jury after the sustaining of a demurrer to the indictment."

"We are of the opinion that the statute must be construed as providing that, upon the sustaining of a demurrer to the indictment on the ground that it does not substantially conform to the requirements of the statute, the defendant can only be further prosecuted for the same offense by a compliance with section 13797, and that, if there is no order resubmitting the case to the grand jury, the judgment on the demurrer is a bar to another indictment for the same offense." (Page 543)

"Since there was no order of the court resubmitting the cause to the grand jury on the sustaining of the demurrer to the indictment, the judgment on the demurrer was final, and a bar to a further prosecution for the same offense." (Page 545)

State v. Sexsmith, supra, is directly in point and approves of State v. Field, supra, and is controlling here unless we chose to overrule the line of cases hereinabove cited.

█ While it is difficult to justify the release of an accused without a trial on the merits under an erroneous ruling by the trial court on demurrer, we do not believe we can reach any other result under the statutes. A criminal appeal can be taken only from a final judgment. (Section 793.2) Section 777.8 makes a ruling sustaining a demurrer because the indictment contains matter which is a legal defense a final judgment. Sections 777.9 and 777.22 seem to make the judgment final if a resubmission is not ordered. Section 793.20 prohibits us from modifying the judgment so as to adversely affect the defendant on an appeal by the State.

We, therefore, hold the trial court erred in proceeding to trial on the indictment to which a demurrer had been sustained. In fairness to the trial court, it should be pointed out that his rulings on these matters are thoroughly understandable in view

of the concluding paragraph of our opinion on the first appeal. In fairness to ourselves, it should be stated that these statutes and cases were not called to our attention on the first appeal. Had we been aware of this line of cases this second appeal would not have been necessary.

We do not decide the constitutional questions raised by defendant.

██ II. Defendant raised the question of former acquittal by "motion to dismiss". The State claims he waived his right to rely on this defense because he failed to plead it as required in section 777.11. The better procedure would have been to enter the additional plea, however, the motions were not directly attacked by the State and the court ruled on the merits of the motion. Defendant obviously did not intend to waive this defense. The first motion to dismiss was filed in June 1965 after our opinion was filed in May. At the trial in October the necessary records were introduced and the motion again made immediately thereafter. The State was well aware of defendant's contention and did not move to strike any of the motions. The State's citations from 21 Am. Jur.2d, Criminal Law, section 475 and section 476, and 22 C. J. S., Criminal Law, section 439 and section 440, contain many exceptions, some of which are applicable here. The pleading while entitled a motion to dismiss amounted to a plea of former acquittal although it did not follow the statutory form. We hold defendant did not waive his right to urge the defense of former acquittal under the circumstances shown.

For the reasons stated, the case is—Reversed.

All JUSTICES concur except THORNTON, J., not sitting.