**STATE of Iowa, Appellant,**

v.

**Dennis Benjamin BUCKLEY, Appellee.**

**No. 1–56537.**

Supreme Court of Iowa.

Aug. 29, 1975.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Richard A. Williams, County Atty., for appellant.

John P. Mansfield, Humboldt, for appellee.

McCORMICK, Justice.

The State appeals from an order of the trial court sustaining defendant's motion to dismiss three felony charges against him for denial of his statutory right to speedy trial under § 795.2, The Code. We hold the trial court erred in dismissing the charges, and we remand the cases for trial.

I. The three charges against defendant were brought in district court by county attorney informations filed April 23, 1973. He was arraigned April 26, 1973. Attorney John P. Mansfield was appointed to represent him. Defendant entered pleas of not guilty to the charges. By mistake on the part of all concerned, he was brought before the court May 21, 1973, and was asked to plead again. He again entered pleas of not guilty.

Defendant did not demand speedy trial. On June 14, 1973, an order was entered setting the three cases for trial on June 26, 1973. On June 22, 1973, the sixtieth day after the county attorney's informations were filed, defendant filed a motion to dismiss the charges under § 795.2, The Code, by reason of the State's failure to bring him to trial within 60 days after they were instituted in district court. The motion was amended June 25, 1973, to challenge the demand-waiver rule, rejected by this court in *State v. Gorham*, Iowa, 206 N.W.2d 908, filed April 25, 1973, and to allege denial of his constitutional right to speedy trial. The motion was heard on June 26, 1973, and was sustained.

In relevant part, § 795.2, The Code, provides that, "If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown." Before the *Gorham* case was decided, a defendant had to demand a speedy trial to obtain the benefit of the statute, unless he was incarcerated and unrepresented by counsel. *State v. Gorham,* supra, at 909. Although the defendant here was incarcerated, he was represented by counsel. Since defendant made no demand in these cases, the limitation in the statute is unavailable to him unless the *Gorham* holding is applicable.

Application of the *Gorham* holding is limited to 1) the *Gorham* case, 2) cases then pending on appeal where the demand-waiver rule had been properly challenged in the trial court, and 3) cases in which an indictment was returned or county attorney's information was filed after the filing of the *Gorham* opinion. 206 N.W.2d at 913. The present cases do not fit any of these categories. These cases are governed by the pre-*Gorham* interpretation of § 795.2. *Boyle v. Critelli,* 230 N.W.2d 495 (Iowa 1975). Under that interpretation, since defendant did not demand speedy trial, the 60 day limitation in § 795.2 never started to run. Thus, the trial court erred in dismissing these cases under the statute.

Defendant's separate contention that the delay in bringing him to trial breached his right to speedy trial under Amendments 6 and 14 of the United States Constitution and Art. I, § 10, of the Iowa Constitution is also without merit. See *State v. Kimball,* 203 N.W.2d 296, 300–301 (Iowa 1972).

The trial court's order cannot be supported on either ground urged by defendant. The court erred in sustaining defendant's motion to dismiss the cases. Therefore, the court's order must be reversed.

II. The remaining issue is whether the cases can be remanded for trial. Defendant contends remand is barred by our holding in *State v. Johnson,* 217 N.W.2d 609 (Iowa 1974), and by § 793.20, The Code.

In *State v. Albertsen,* 228 N.W.2d 94 (Iowa 1975), an appeal by the State, we reversed an order dismissing a case for denial of speedy trial and remanded the case for trial. However, no issue was presented in that appeal regarding the State's right to have the case remanded for trial. The issue is squarely presented in this appeal.

Defendant asserts the issue was decided in *State v. Johnson,* supra. We do not agree. In *Johnson* the trial court had permitted reprosecution of a defendant on a charge that had been dismissed for denial of his right to speedy trial under Code § 795.2. We said this was error. No appeal had been taken from the order of dismissal. We held a dismissal under § 795.2 for failure to provide a speedy trial is an absolute dismissal, a dismissal with prejudice, prohibiting reprosecution of the offense. We did not decide whether the prosecution would have been barred if the dismissal order had been reversed on appeal. See *District of Columbia v. Healy,* 160 A.2d 800 (Mun.Ct.App.D.C.1960).

Prior to the *Johnson case,* dismissal of a felony charge for denial of statutory rights to speedy indictment or trial had been held to be without prejudice. *State v. Gebhart,* 257 Iowa 843, 134 N.W.2d 906 (1965); *State v. Bige,* 195 Iowa 1342, 1345, 193 N.W. 17, 19 (1923) ("The defendant had not been placed in jeopardy by the mere returning of the indictment."); § 5013, Revision of 1860. The new rule in *Johnson* resulted from our view of policy manifested in the speedy indictment and speedy trial provisions of the Code, in several decisions of the United States Supreme Court, and in ABA Standards, Speedy Trial, § 4.1 (1968).

We must now decide for the first time whether a trial court's dismissal of a case for denial of a defendant's right to speedy trial is a bar to further prosecution of the

case when the dismissal is determined upon direct appeal to have been wrong. Such a bar would have to be found either in an extension of the rule of the *Johnson* case or in Code § 793.20, the statute which imposes restrictions upon the effects of certain State appeals.

■ Considerations which led to the rule in the *Johnson* case do not support extending the rule to bar further prosecution when the trial court's order is reversed upon appeal. Nothing in §§ 795.1 and 795.-2, The Code, or in our cases interpreting those provisions, signifies a legislative desire to bar resumption of prosecution in such a situation. Nor is that result supported by decisions of the United States Supreme Court or the ABA Standards. In fact, decisions of the Supreme Court and the ABA Standards support an opposite result.

■ In *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the Supreme Court held a conviction may be reinstated when a post-verdict motion to dismiss a federal charge for denial of defendant's constitutional right to speedy indictment is determined upon appeal to have been erroneously sustained. No constitutional barrier exists to remand of a case upon successful appeal by the government when the effect of additional proceedings is that the defendant will be placed in jeopardy on the charge only once. *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); *State v. Bige*, supra.

Moreover, the ABA Standards would not foreclose remand for trial. Those standards provide for appeal by the State and remand for trial in this very situation. ABA Standards, Criminal Appeals, § 1.4 (1970).

■ We have no reason to extend the rule in the *Johnson* case to bar remand of a case for prosecution when a dismissal for denial of speedy indictment or speedy trial is reversed on appeal. Rather, we believe the interests of justice would be better served if the State were permitted to resume its prosecution upon a successful appeal from a pretrial order erroneously dismissing a criminal charge.

However, we must still determine whether prosecution after reversal of the order of dismissal here is barred by § 793.20, The Code, as alternatively urged by defendant. That section provides:

"If the State appeals, the supreme court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law."

Defendant maintains this statute applies to all appeals by the State from final orders. An order of dismissal for denial of speedy indictment or speedy trial is a final order or judgment because it is a dismissal with prejudice under the rule of the *Johnson* case. Hence, according to the defendant's reasoning, it is necessarily a judgment which § 793.20 says cannot be changed on appeal.

This issue requires examination of the statute in its historical context in the light of familiar principles of statutory interpretation and construction.

Double jeopardy is proscribed by Art. I, § 12, of the Constitution of Iowa, which provides in part that, "No person shall after acquittal, be tried for the same offence." This proscription first appeared in the Constitution adopted in 1846.

In the Code of 1851, the defendant in a criminal case was accorded the right of review by writ of error, but not the State. *State v. Johnson*, 2 Iowa (2 Clarke) 549 (1856). In 1857, the defendant and the State were each granted the right of appeal from a judgment of conviction. Acts 6 G.A., ch. 251, § 1. In the Revision of 1860, both parties were given the right to appeal any judgment, action, or decision of the district court, after final judgment. § 4905,

Revision of 1860. The language of § 793.20 was introduced in § 4926 of that Code.

■ In interpreting and construing this provision, our goal is to ascertain legislative intent. In searching for legislative intent, we consider the object sought to be accomplished and the evil sought to be remedied. We seek a reasonable interpretation and construction which will best effect the purpose of the provision. *State v. Prybil*, 211 N.W.2d 308, 311 (Iowa 1973). The manifest intent of the legislature will prevail over the literal import of the words used. *Iowa Nat. Indus. Loan Co. v. Iowa State, Etc.*, 224 N.W.2d 437, 440 (Iowa 1974). We adhere to the rule "that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers." *Holy Trinity Church v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226, 228 (1892).

Legislative intent in enacting § 4926 in 1860 is obvious. The legislature at the same time gave the State the right to appeal in criminal cases. Appeals could be taken from judgments. Two kinds of judgments were provided for in §§ 4860 and 4861 of the 1860 Code. One was a judgment of acquittal, to be entered upon a verdict of not guilty, and the other a judgment of conviction, to be entered upon a verdict of guilty. Either of these judgments would be entered only after the defendant had been placed in jeopardy. Yet, Art. I, § 12, of the Constitution prohibited retrial of a person who had been acquitted.

In implementation of this prohibition, the legislature barred trial of a person after acquittal and, except as constitutionally permitted, after conviction. § 4438, Revision of 1860.

It was necessary to harmonize the State's right to appeal such judgments with the proscription of double jeopardy. Section 4926 defined this limitation. In so doing, it furthered the constitutional and statutory assurances against double jeopardy; it did not purport to go beyond them. The sole object of § 4926 was to limit the effect of a meritorious appeal by the State in order to prevent reprosecution of a defendant who had already been in jeopardy on the charge. *State v. Van Horton*, 26 Iowa 402 (1868).

Viewed in this context, the term "judgment" in § 4926 of the Revision of 1860 meant only a judgment of acquittal or conviction provided for in §§ 4860 and 4861 of that Code.

In the 115 years since enactment of this limitation upon the effect of State appeals, the statute has been applied almost invariably to bar reprosecution only in cases where the defendant has been in jeopardy. Most cases decided under § 793.20 have been appeals by the State from judgments of acquittal, entered upon verdicts of not guilty either directed by the court or found by the jury.[1] In those cases we decided questions of law, either substantive or procedural, to provide future guidance to the bench and bar. The decisions were deemed obligatory as law but did not change the result of the trial in the appealed case.

---

1. These cases include: *State v. Walton*, 195 N.W.2d 100 (Iowa 1972); *State v. Wardenburg*, 261 Iowa 1395, 158 N.W.2d 147 (1968); *State v. Flack*, 251 Iowa 529, 101 N.W.2d 535 (1960); *State v. Mabrey*, 244 Iowa 415, 56 N.W.2d 888 (1953); *State v. Tomlinson*, 239 Iowa 323, 31 N.W.2d 384 (1948); *State v. DeMarce*, 237 Iowa 648, 23 N.W.2d 441 (1946); *State v. Kellison*, 233 Iowa 1274, 11 N.W.2d 371 (1943); *State v. Schreck*, 231 Iowa 542, 1 N.W.2d 690 (1942); *State v. Wickett*, 230 Iowa 1182, 300 N.W. 268 (1941); *State v. Traas*, 230 Iowa 826, 298 N.W. 862 (1941); *State v. Woodruff*, 208 Iowa 236, 225 N.W. 254 (1929); *State v. Patton*, 206 Iowa 1347, 221 N.W. 952 (1928); *State v. Kirkman*, 206 Iowa 364, 220 N.W. 57 (1928); *State v. Meyer*, 203 Iowa 694, 213 N.W. 220 (1927); *State v. Bailey*, 202 Iowa 146, 209 N.W. 403 (1926); *State v. Dietz*, 162 Iowa 332, 143 N.W. 1080 (1913); *State v. Ford*, 161 Iowa 323, 142 N.W. 984 (1913); *State v. Johnson*, 157 Iowa 248, 138 N.W. 458 (1912); *State v. Fairmont Creamery Co.*, 153 Iowa 702, 133 N.W. 895 (1911); *State v. Gilbert*, 138 Iowa 335, 116 N.W. 142 (1908); *State v. Jackson*, 128 Iowa 543, 105 N.W. 51 (1905); *State v. Vail*, 57 Iowa 103, 10 N.W. 297 (1881); *State v. Keeler*, 28 Iowa 551 (1870).

Cases in which demurrers were sustained on the ground the indictment showed facts constituting a bar or legal defense to the charge were a judicially-created equivalent to these cases. See *State v. Valeu*, 259 Iowa 963, 146 N.W.2d 228 (1966); *State v. Sexsmith*, 202 Iowa 537, 210 N.W. 555 (1926); *State v. Fields*, 106 Iowa 406, 76 N.W. 802 (1898); *State v. Bair*, 92 Iowa 28, 60 N.W. 486 (1894). In *Fields* the court explained the basis on which reprosecution was held barred in these demurrer cases:

"If the indictment shows that there cannot be a valid conviction for the offense charged, reason and sound public policy demand that the proceedings be terminated, and that neither the state nor the defendant be subject to the expense or annoyance of further prosecutions which cannot end in conviction. In such a case as much can be accomplished by one indictment as by many, and the judgment which the statute contemplates is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it had been rendered upon a verdict of not guilty." 106 Iowa at 412–413, 76 N.W. at 804.

The justification for barring reprosecution rested upon this analysis. The prohibition against reversal and reprosecution in § 793.-20 was assumed to be coextensive with the protection against double jeopardy. The court equated the situation where a demurrer is sustained on the ground the indictment contains a legal defense with jeopardy. As recognized in *State v. Valeu*, this rule illogically permitted the erroneous sustaining of a demurrer to stand as a formal acquittal.

The legislature showed its disapproval of *State v. Valeu* and its predecessors in 1970 when it amended § 777.8, The Code, to provide, "If a demurrer to an indictment is incorrectly sustained, such error shall not act as a bar to further prosecution for the same offense." Acts 63 G.A., Second Session, ch. 1282. The rationale of the demurrer cases was rejected. The legislature ob-

viously did not agree with the prior view of this court that an order sustaining a demurrer is the equivalent of acquittal after jeopardy.

The only case revealed by our research in which this court has held § 793.20 bars reprosecution when a defendant had not been in jeopardy or its judicially-declared equivalent is *State v. Kinney*, 44 Iowa 444 (1876). In that case the defendant had been convicted of assault and battery before a justice of the peace. He appealed to district court. The district court dismissed the appeal on the ground the justice of the peace had no jurisdiction of the offense. The State appealed, and this court reversed, *State v. Kinney*, 41 Iowa 424 (1875). A procedendo issued and the State sought to try the defendant in district court. The State appealed the district court's refusal to allow the trial, and this court affirmed, based on what is now § 793.20. Without citation of authority or analysis, the court said, "This provision applies to all appeals by the State, whether they be from judgments rendered upon trials on the merits, or judgments upon demurrers and motions." 44 Iowa at 445. The court in *Kinney* did not confront the issue whether the statute was intended as nothing more nor less than a protection against double jeopardy.

■■■ We believe that when the statute is viewed in its historical context it is intended as a bar to reprosecution only in State appeals where the defendant has been in jeopardy. We overrule *State v. Kinney*, supra. We hold § 793.20 does not bar remand of the present cases for trial.

We find no merit in defendant's contention that these cases should not be remanded for further prosecution.

Reversed and remanded.

All Justices concur, except LeGRAND, RAWLINGS, REES and HARRIS, JJ., who dissent.

LeGRAND, Justice (dissenting).

While the result reached by the majority in this case may be the desirable one, it

flatly disregards the provisions of several statutes, and I therefore must dissent.

The majority now says that § 793.20, The Code, applies only when jeopardy has attached. However, that isn't what the statute says; nor until now—some 115 years after it was first enacted—has it been what we said it says.

We set the statute out in full:

"If the State appeals, the supreme court cannot reverse or modify the judgment so as to increase the punishment, but may affirm it, and shall point out any error in the proceedings or in the measure of punishment, and its decision shall be obligatory as law."

There is no need to review or cite again the numerous decisions set out in the majority opinion, but it is clear from them that we have consistently held a successful appeal by the State in a criminal case may serve only to settle the law for the future. It cannot result in a remand for further prosecution.

In the present case, the State has appealed from an order dismissing a pending criminal charge for the State's failure to provide a speedy trial. § 795.2. The majority has decided, correctly, I believe, that this order was erroneous. Defendant now says he cannot be prosecuted on this charge because the dismissal of the action under the speedy trial provision bars further proceedings.

We recently permitted a remand after such an appeal in *State v. Albertsen*, 228 N.W.2d 94 (Iowa 1975). However, in that case, the present issue was neither raised nor considered and it is no authority for the problem now confronting the court.

I believe this case is controlled by our recent opinion in *State v. Johnson*, 217 N.W.2d 609, 612 (Iowa 1974) where we said:

"We find that a dismissal pursuant to § 795.2, The Code, for failure to provide a speedy trial shall be an *absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense.*" (Emphasis supplied)

It is difficult to imagine language which could more clearly state the finality of a § 795.2 dismissal. Yet now the majority says such an order is final only if it is correct; but if it is correct, there is no issue at all. Only when a lower court ruling is *incorrect*, does § 793.20 become important. Today's majority opinion renders that statute meaningless.

Some statutes governing appeals in criminal cases are couched in double jeopardy terms. *Cf. United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250, 253 (1975). But § 793.20 is not one of these. It is an unqualified prohibition against reprosecution by the State after a successful appeal from a final order. I need not belabor the question of finality because the State concedes this by appealing at all. See § 793.2. See also *State v. Johnson*, supra.

The majority relies on *State v. Valeu*, 259 Iowa 963, 146 N.W.2d 228 (1966) as affording some support for its conclusion. On the contrary, I believe it is authority for the opposing position. In *Valeu*, a demurrer to criminal indictment was sustained. Later it was determined it was incorrectly sustained and we held that, even though incorrect, the action of the trial court in sustaining the demurrer precluded further prosecution on that charge. The legislature quickly amended the statute to avoid such consequences by providing that in the future an order sustaining a demurrer, if incorrect, should not be a bar to further proceedings. See § 777.8, The Code.

Except that we are now dealing with a speedy trial provision, this case is exactly parallel to the *Valeu* situation before the demurrer statute was amended. Here, as there, our cases forbid further prosecution. Here, as there, if this result is to be avoided, the legislature must take appropriate measures to mend the statute.

The majority is usurping this legislative function by saying, because the general assembly took a certain course with respect to demurrers, it must necessarily feel the same way about a § 795.2 dismissal. This is a legislative, not a judicial decision.

Since it is conceded this appeal is from a final order and since § 793.20 precludes a remand after the State's successful appeal from such an order, the trial court's judgment, even though wrong, may be reversed but not remanded.

RAWLINGS, REES and HARRIS, JJ., join this dissent.